Jason F. Choy (SBN 277583)
choy@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: (213) 647-1228

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In *Re Ex Parte* Application of DAEDALUS PRIME LLC,<br><br>*Applicant*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings. | Case No.<br><br>**DAEDALUS PRIME LLC'S *EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  NATURE AND STATE OF THE PROCEEDINGS ........................................................... 2

  A.  The German Actions .................................................................................................. 2

  B.  The UPC Action ......................................................................................................... 3

  C.  MediaTek's *Ex Parte* Applications For Judicial Assistance ..................................... 4

III. ISSUES TO BE DECIDED ................................................................................................. 5

IV.  FACTUAL BACKGROUND .............................................................................................. 5

  A.  The Parties and the Asserted Daedalus Prime Patents ............................................... 5

  B.  Daedalus Prime's Proposed Discovery ...................................................................... 6

V.   LEGAL ARGUMENT ........................................................................................................ 7

  A.  Daedalus Prime's Application Satisfies Section 1782's Statutory Requirements .............. 7

  B.  The *Intel* Discretionary Factors Weigh in Favor of Granting the Application ................. 11

    1.  MediaTek USA Is Not A Participant in the German Actions or the UPC Action ........ 11

    2.  German Courts and the UPC Are Receptive to Information Obtained Through United States Discovery ................................................................. 12

    3.  Daedalus Prime Is Not Attempting to Circumvent German or UPC Proof-Gathering Restrictions or Policies ............................................................... 14

    4.  The Scope of Information Daedalus Prime Seeks Is Commensurate with the Information's Relevance to the German and UPC Actions and Will Not Unduly Burden MediaTek USA .................................................................................... 14

VI.  CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*,
   762 F. App'x 447 (9th Cir. 2019) ........................................................................................8

*In re Ex Parte Application of Qualcomm Inc.*,
   162 F. Supp. 3d 1029 (N.D. Cal. 2016) ...........................................................................8, 10

*In re Ex Parte Application Varian Med. Sys. Int'l AG*,
   No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ...................5, 7, 11, 14

*CPC Pat. Techs. Pty. Ltd. v. Apple, Inc.*,
   No. 21-mc-80091-JST, 2023 WL 3579314 (N.D. Cal. Jan. 3, 2023) ................................14, 15

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
   No. 08-cv-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ..................................12, 13

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
633 F.3d 591 (7th Cir. 2011) ...............................................................................................12, 13

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*,
   No. 19-mc-80215-WHO(TSH), 2020 WL 820327 (N.D. Cal. Feb. 19, 2020).........................11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004)............................................................................................... *passim*

*IPCom GmbH & Co. KG v. Apple Inc.*,
   61 F. Supp. 3d 919 (N.D. Cal. 2014) ....................................................................................1

*LSI Corp. v. Vizio, Inc.*,
   No. A-12-CV-191 LY, 2012 WL 1883998 (W.D. Tex. May 22, 2012).................................10

*Matter of Action & Prot. Found.*,
   No. 14-cv-80076 MISC EMC (LB),
   2015 WL 1906984 (N.D. Cal. Apr. 27, 2015) .........................................................................1

*In re Minatec Fin. S.A.R.L.*,
   No. 1:08-CV-269 (LEK/RFT), 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) ......................13

*Palantir Techs., Inc. v. Abramowitz*,
   415 F. Supp. 3d 907 (N.D. Cal. 2019) .................................................................................13

*Rainsy v. Facebook, Inc.*,
   311 F. Supp. 3d 1101 (N.D. Cal. 2018) .................................................................8, 9, 10, 12

*In re Republic of Ecuador*,
   No. C-10-80225 MISC CRB (EMC),
   2010 WL 3702427 (N.D. Cal. Sept. 15, 2010) ............................................................................7

*Siemens AG v. W. Digital Corp.*,
   No. 8:13-cv-01407-CAS-(AJWx),
   2013 WL 5947973 (C.D. Cal. Nov. 4, 2013)...........................................................................12

*In re Todo*,
   No. 5:22-mc-80248-EJD, 2022 WL 4775893 (N.D. Cal. Sept. 30, 2022) ................................8

**Statutes**

28 U.S.C. § 1782................................................................................................................... *passim*

## I. INTRODUCTION

Applicant Daedalus Prime LLC ("**Applicant**" or "**Daedalus Prime**") submits this *Ex Parte* Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a). Daedalus Prime seeks discovery from MediaTek USA Inc. ("**MediaTek USA**"), a resident of this District, in support of its claims in foreign patent infringement actions against MediaTek, Inc. ("**MediaTek**")—MediaTek USA's corporate parent—and its customer Xiaomi Group ("**Xiaomi**"). Daedalus Prime has filed multiple suits in the United States and in Germany seeking compensation for MediaTek's unauthorized use of valuable semiconductor technologies related to power allocation, cache memory, and cryptographic modules, all of which were developed by Intel Corporation, the original owner of the asserted patents. MediaTek—one of the defendants in Daedalus Prime's suits—has filed two *ex parte* applications of its own seeking discovery in support of its defenses to Daedalus Prime's claims, but has not yet provided discovery to Daedalus Prime about the design and operation of the accused MediaTek chips in the U.S. or foreign actions. As MediaTek and its declarant on German Law have conceded, German courts do not have the authority to compel such discovery. *In re Ex Parte Application of MediaTek, Inc.*, No. 5:24-mc-80156-SVK (N.D. Cal. June 25, 2024), Dkt. 1-4, ¶¶ 58-59 ("**Declaration of Dr. Jochen Herr**" or "**Herr Decl.**"). As a result, providing access to the discovery Daedalus Prime seeks for use in Germany is—in MediaTek's own words—"precisely the purpose of Section 1782." *In re Ex Parte Application of MediaTek, Inc.*, No. 5:24-mc-80156-SVK, Dkt. 1 at 1 ("**MediaTek Br.**").

Daedalus Prime brings this application on an *ex parte* basis pursuant to Civil L.R. 7-10[1] to inform its reply to new arguments that MediaTek's customer, Xiaomi, recently raised in

---

[1] Courts in this District have authorized and accepted *ex parte* applications for orders to obtain discovery under Section 1782. *See, e.g.*, *Matter of Action & Prot. Found.*, No. 14-cv-80076 MISC EMC (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976)); *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("It is common for parties to file *ex parte* [Section 1782] applications, as parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations omitted).

1  response to Daedalus Prime's complaint in the Hamburg Division of the Unified Patent Court
2  ("**UPC**").[2]  According to Xiaomi, the MediaTek chips accused of infringement in the UPC do
3  not implement components of the MediaTek specification that Daedalus Prime cited as a basis
4  for infringement.  While Xiaomi's response makes assertions about what the MediaTek chips in
5  its phones allegedly do *not* do, it fails to explain how those chips implement the accused
6  cryptographic functionality without the accused components of the specification.  Daedalus
7  Prime now seeks technical documents and source code sufficient to test Xiaomi's newly raised
8  non-infringement arguments and to prove how the accused cryptographic functionality in
9  MediaTek's chips works to inform its reply brief in the UPC, due in a matter of weeks on
10 September 27, 2024.  Because time is of the essence, Daedalus Prime seeks an order allowing
11 discovery pursuant to Section 1782 before the deadline for its UPC reply brief.

12        As demonstrated below, Daedalus Prime's application meets all of the statutory
13 requirements under Section 1782, and all four discretionary factors set forth in *Intel Corp. v.*
14 *Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) support granting this Application.  This
15 Court should therefore grant Daedalus Prime's request for an order authorizing service of
16 subpoenas substantially similar to those attached as Exhibits A and B to this application seeking
17 discovery regarding the design, configuration, and operation of the accused features of the
18 accused MediaTek chips, related licenses, and MediaTek USA's legal right and ability to access
19 such information.

20 **II.    NATURE AND STATE OF THE PROCEEDINGS**

21        **A.    The German Actions**

22        On March 14, 2024, Daedalus Prime filed an infringement action with the Düsseldorf
23 Regional Court in Germany against MediaTek and four members of its customer Xiaomi,
24 accusing two Xiaomi mobile phones (the Xiaomi X13T and Xiaomi X13T Pro) that include
25 MediaTek processors (the MediaTek Dimensity 8200-Ultra and MediaTek Dimensity 9200+,

---

[2] While MediaTek is also a Defendant in the UPC Action, Daedalus Prime been unsuccessful in its efforts to serve its UPC complaint on MediaTek in Taiwan to date.  As a result, MediaTek did not file a response to Daedalus Prime's UPC complaint.

respectively) (collectively the "**Accused Instrumentalities**") of infringing German Patents DE 11 2012 003 701 B4 ("**DE'701**") and DE 11 2012 005 210 B4 ("**DE'210**") (collectively the "**Asserted Patents**"). Declaration of Dr. Frank Peterreins in support of Daedalus Prime LLC's *Ex Parte* Application For An Order Under 28 U.S.C. § 1782 Granting Leave to Obtain Discovery For Use In Foreign Proceedings ("**Peterreins Decl.**"), ¶ 6.

On April 19, 2024, the Düsseldorf Regional Court separated Daedalus Prime's infringement case against MediaTek and Xiaomi into two infringement proceedings, bearing case numbers 4b O 16/24 (regarding DE'701) and 4b O 21/24 (regarding DE'210) (together the "**German Actions**"). *Id.*, ¶ 8.

In each of the German Actions, Daedalus Prime seeks relief from infringement of the Asserted Patents, and asks the Düsseldorf Regional Court to order MediaTek and Xiaomi to (i) refrain from offering, distributing, using, and/or importing or possessing the Accused Instrumentalities in Germany for those purposes, (ii) recall and destroy the Accused Instrumentalities, (iii) provide sales information about the distribution chain, (iv) render accounts for all allegedly infringing acts since November 25, 2018 and (v) find that MediaTek and Xiaomi are liable for damages and the costs of the proceedings. *Id.*, ¶ 7.

**B.    The UPC Action**

On April 9, 2024, Daedalus Prime filed a third infringement action with the Unified Patent Court ("**UPC**") in Hamburg, Germany against MediaTek and four members of its customer, the Xiaomi Group, accusing the same Accused Instrumentalities at issue in the German Actions of infringing a third Daedalus Prime patent, EP 2 792 100 B1 ("**EP'100**") (the "**UPC Asserted Patent**") (the "**UPC Action**"). *Id.*, ¶ 9.

Xiaomi responded to Daedalus Prime's UPC complaint on July 26, 2024, arguing that the MediaTek chips inside its Xiaomi phones do not infringe EP'100 because they allegedly do not implement certain components of the MediaTek specification cited in Daedalus Prime's complaint as a basis for infringement. *Id.*, ¶ 11. Xiaomi's response did not, however, explain the details of how the accused cryptographic functionality in the MediaTek chips actually works,

1  and neither Xiaomi nor MediaTek has provided discovery to Daedalus Prime demonstrating how
2  that accused functionality operates. *Id.*
3        Daedalus Prime's reply in support of its claims for infringement and damages is due on
4  September 27, 2024. *Id.*, ¶ 12.

      **C.**      **MediaTek's *Ex Parte* Applications For Judicial Assistance**

6        On May 31, 2024, MediaTek initiated an action in the Southern District of New York by
7  filing an *ex parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 seeking an
8  order granting leave to issue subpoenas to Daedalus Group LLC ("**Daedalus Group**")[3]
9  containing document requests and deposition topics purportedly related to its defenses in the
10 German Actions. *In re Ex Parte Application of MediaTek Inc.*, No. 7:24-mc-00251-CS
11 (S.D.N.Y) (hereinafter "**SDNY 1782 Action**"), Dkt. 1, 1-1.
12       On June 25, 2024, MediaTek initiated a second action in this Court by filing a second *ex
13 parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 seeking an order granting
14 leave to issue subpoenas to Intel Corporation ("**Intel**") also containing document requests and
15 deposition topics purportedly related to its defenses in the German Actions. *In re MediaTek
16 Inc.'s Ex Parte Application*, No. 5:24-mc-80156-SVK (N.D. Cal.) (hereinafter "**NDCA 1782
17 Action**"), Dkt. 1, 1-2, 1-3.
18       MediaTek's SDNY 1782 Action was heard on July 19, 2024, and the Court granted leave
19 for MediaTek to serve document and deposition subpoenas on Daedalus Group with specific
20 limits. SDNY 1782 Action, July 19, 2024 Minute Entry. MediaTek's NDCA 1782 Action was
21 heard on August 8, 2024. NDCA 1782 Action, Dkt. 20.
22       Daedalus Prime—the plaintiff in both the German Actions and the UPC Action against
23 Xiaomi and MediaTek—is not a party to either of MediaTek's Actions seeking discovery under
24 28 U.S.C. § 1782. Because MediaTek's proposed discovery from Daedalus Group and Intel in
25 the United States implicates Daedalus Prime's claims in the German Actions and the UPC

---

[3] Daedalus Group is Daedalus Prime LLC's corporate parent.

Action, Daedalus Prime now seeks discovery that is not available in Germany in support of its claims for infringement and damages. *See* Exs. A, B.

### III.   ISSUES TO BE DECIDED

This Application asks the Court to determine whether Daedalus Prime's application satisfies Section 1782's statutory requirements. *See Intel Corp.*, 542 U.S. at 256-58.

In addition, the Court may consider whether the discretionary *Intel* factors favor granting Daedalus Prime's Application. *See id.* at 264-65; *but see In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("As soon as the three statutory requirements have been met, 'a district court is free to grant discovery in its discretion.'") (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004)).

### IV.   FACTUAL BACKGROUND

#### A.   The Parties and the Asserted Daedalus Prime Patents

Daedalus Prime is a Delaware limited liability company with its principal place of business at 51 Pondfield Road, Suite 3, Bronxville, New York 10708. NDCA 1782 Action, Dkt. 1-18 ¶ 3 ("Berntsen Decl.", Ex. 8). Daedalus Prime owns a portfolio of intellectual property acquired from Intel Corporation, one of the world's largest semiconductor designers and manufacturers. NDCA 1782 Action, Dkt. 1-7 at 9 (Berntsen Decl., Ex. 1b) ("**Translated Compl.**").

Daedalus Primes's portfolio includes DE'701 and DE'210, the patents asserted in the German Actions, and EP'100. DE'701 relates to systems and methods for certain power allocation functionality in processors, including processors used in smartphones. *Id.* at 11-17. DE'210 relates to caching functionality in processors, including in smartphones. *Id.* at 53-61. EP'100 relates to cryptographic (i.e. encrypted) communications over unsecured networks such as the internet. Peterreins Decl. ¶ 9.

Daedalus Group is an LLC organized under the laws of Delaware with a principal place of business at 75 South Riverside Avenue, suite B/C, Croton-on-Hudson, NY 10520. Daedalus Group is Daedalus Prime's parent company.

MediaTek Inc. is a corporation organized under the laws of Taiwan, and located at No. 1, Dusing Road 1, Hsinchu Science Park, Hsinchu City 30078, Taiwan. NDCA 1782 Action, Dkt. 1-5, ¶ 18. MediaTek has filed two *ex parte* application seeking discovery related to the German Actions—one in this District seeking discovery from Intel (the NDCA 1782 Action) and one in the Southern District of New York seeking discovery from Daedalus Prime's parent, Daedalus Group (the SDNY 1782 Action).

MediaTek USA Inc. is a company organized and existing under the law of the State of Delaware with its principal place of business in this District at 2840 Junction Ave., San Jose, CA 95134. *MediaTek Inc. v. NXP* Semiconductors, No. 2:21-cv-4969 (C.D. Cal.), Dkt. 1 ¶ 3. MediaTek Inc. is a parent company of MediaTek USA Inc. *Id.*

### B. Daedalus Prime's Proposed Discovery

Daedalus Prime seeks discovery from MediaTek USA that is relevant to infringement and damages in the German Actions and the UPC Action. As MediaTek and its declarant on German law concede, German proceedings do not provide discovery processes such as those available in American courts, which would allow Daedalus to obtain this information from MediaTek. *See generally* Peterriens Decl. ¶¶ 14-15; *see also* Herr Decl., ¶¶ 58-59. Daedalus Prime seeks targeted discovery to better enable the German courts and the UPC to adjudicate their respective actions on complete factual records. To that end, Daedalus Prime attaches to this application as Exhibits A and B proposed requests for production and deposition topics regarding:

1) Core technical documentation and schematics regarding the Accused Instrumentalities, which relate to infringement of the Asserted Patents and the UPC Asserted Patent,

2) MediaTek licenses related to the technologies-at-issue, which is highly relevant to the determination of damages under a reasonable royalty analysis, and

3) MediaTek USA's ability to access documentation and information regarding the Accused Instrumentalities.

*See* Exs. A, B; Peterriens Decl. ¶¶ 13-24.

The information Daedalus Prime seeks is relevant to its claims for infringement and damages in the German Actions and the UPC Action, yet it has not been produced by MediaTek in the German Actions or the UPC Action, and neither the German courts nor the UPC can compel MediaTek to produce such discovery. Peterriens Decl. ¶¶ 13-24.

## V.  LEGAL ARGUMENT

### A.  Daedalus Prime's Application Satisfies Section 1782's Statutory Requirements

As its title suggests, Section 1782 authorizes federal courts to order discovery to provide "[a]ssistance to foreign and international tribunals and to litigants before such tribunals." 28 U.S.C. § 1782; *Intel*, 542 U.S. at 247. Section 1782 allows litigants in foreign tribunals, like Daedalus Prime here, to use U.S. discovery procedures to obtain evidence for use in foreign litigations like Daedalus Prime's patent infringement actions against MediaTek (and Xiaomi) in Germany. *See In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *1 (N.D. Cal. Sept. 15, 2010) (noting that Section 1782 aims to "provid[e] efficient means of assistance to participants in international litigation in our federal courts and encourag[e] foreign countries by example to provide similar means of assistance to our courts") (quoting *Schmitz*, 376 F.3d at 84). The full scope of discovery under the Federal Rules of Civil Procedure is therefore available through Section 1782. *Varian*, 2016 WL 1161568, at *5 ("The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure.").

Courts may grant discovery under Section 1782 when the following statutory requirements are satisfied: "(1) the discovery sought is from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Varian*, 2016 WL 1161568 at *2 (quoting *In re Ex Parte Apple Inc.*, No. 12-mc-80013, 2012 WL

1570043, at *1 (N.D. Cal. May 2, 2012)). Daedalus Prime's request for discovery meets each of these statutory requirements.

*First*, MediaTek USA resides (is "found") in this district for purposes of this Section 1782 motion because its principal place of business is in this district. *In re Todo*, No. 5:22-mc-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *see also In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) ("MediaTek [USA] acknowledges that it is found in this district.").

*Second*, the documents and deposition testimony requested are "for use" in the German Actions and the UPC Action as proof of infringement and damages. *See* Peterreins Decl., ¶¶ 13-20. The "for use" requirement imposes a de minimis burden on the applicant to show that the requested discovery has some relevance to the foreign proceeding. *See Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018) ("A party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be 'permissive' in interpreting that standard"). German courts qualify as "tribunals" under Section 1782. *See AIS GmbH Aachen Innovative Sols. v. Thoratec LLC*, 762 F. App'x 447, 448-49 (9th Cir. 2019) (German court where patent infringement case was pending was a foreign tribunal for purposes of § 1782).

Daedalus Prime proposes three document requests and three deposition topics that are narrowly tailored to discovery that supports its claims for infringement and damages, plus additional deposition topics and one document request to address MediaTek's position (taken in response to prior subpoenas in other matters) that MediaTek USA does not have possession, custody, or control over technical documentation regarding MediaTek products. *See* Exs. A & B; *see also, e.g.*, *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1036 n.43 ("MediaTek argues that while MediaTek USA is found here, its foreign affiliates are not, and that MediaTek USA does not possess any relevant documents.").

The first two document requests seek the technical document production required of the party accused of patent infringement by the Eastern District of Texas[4] for the features of the MediaTek Accused Instrumentalities at issue in the German Actions and the UPC Action, i.e., the power allocation functionality, caching functionality, and cryptographic core(s) in the MediaTek Dimensity 8200-Ultra and Dimensity 9200+. Compare Ex. A, Request for Production 1 with E.D. Tex. Patent Initial Disclosures 3-4(a), available at https://www.txed.uscourts.gov/?q=patent-rules ("[T]he party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart [i.e., infringement contentions]. . . ."). Daedalus Prime's complaints filed in the German Actions and the UPC Action allege that MediaTek's Dimensity 8200-Ultra and 9200+ SoC ("System on Chip") products infringe the Asserted Patents and the UPC Asserted Patent. *See, e.g.*, Translated Compl. at 10. Daedalus Prime's first two document requests thus seek production of the set of documents the Eastern District of Texas has deemed relevant to claims of patent infringement. Those same materials are relevant to Daedalus Prime's claims of patent infringement in Germany and the UPC. Peterreins Decl., ¶¶ 6, 9, 11, 13.

The third document request seeks MediaTek's patent license agreements related to the accused features. *See* Ex. A, RFP 2. As in U.S. patent litigation, patent license agreements for technologies comparable to the patented technologies are relevant to damages, specifically the amount of a reasonable royalty. Peterreins Decl., ¶¶ 23-24. Daedalus Prime's third document request likewise easily clears the bar for relevance set by the second *Intel* factor. *See Rainsy*, 311 F. Supp. 3d at 1110 (the standard for relevance is "permissive").

---

[4] Daedalus Prime has filed suit against MediaTek Inc. in the Eastern District of Texas asserting U.S. patents that are related to the patents asserted in the German Actions and the UPC Action. *Daedalus Prime LLC v. MediaTek Inc.*, 2:24-cv-235 (E.D. Tex.), Dkt. 1 (Complaint). MediaTek has not yet answered the complaint in that case and discovery has not yet opened.

1 Daedalus Prime's first three proposed deposition topics address (1) the documents and materials produced in response to its document requests, (2) MediaTek's efforts to collect and produce documents and materials in response to those requests, and (3) the design, structure, configuration, and operation of the accused features in the Accused Products.  See Ex. B.  The proposed deposition topics are closely related to Daedalus Primes' proposed document requests and meet the statutory standard for relevance in the second *Intel* factor for the same reasons.  *See Rainsy*, 311 F. Supp. 3d at 1110 (the standard for relevance is "permissive").

Daedalus Prime's remaining deposition topics and document request address MediaTek USA's legal right and practical ability to obtain and produce the documents sought by Daedalus Prime's proposed document requests.  *See* Ex. A, RFP No. 4, Ex. B, Topics 4-11.  In multiple prior cases, MediaTek has taken the position that MediaTek USA lacks possession, custody, or control over technical documentation regarding MediaTek products.  *See, e.g.*, *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d at 1036 n.43 ("MediaTek argues that while MediaTek USA is found here, its foreign affiliates are not, and that MediaTek USA does not possess any relevant documents."); *see also, e.g.*, *LSI Corp. v. Vizio, Inc.*, No. A-12-CV-191 LY, 2012 WL 1883998, at *2 (W.D. Tex. May 22, 2012) ("In his declaration, Chang states MediaTek Wireless and MediaTek USA have only limited access to information about MediaTek–Taiwan's chips, code, and documents.").  Instead of burdening this Court with a second round of motion practice seeking discovery to refute that position—which MediaTek has forced parties seeking technical documentation about its products to file in prior cases, *see LSI Corp.*, 2012 WL 1882998, at *3-4 (denying motion to quash deposition topics regarding MediaTek USA's possession, custody, and control of technical documentation related to MediaTek products)—Daedalus Prime proposes to include deposition topics and one document request related to that issue in its original subpoenas to make efficient use of this Court and the parties' resources.

***Third***, Applicant is the plaintiff in the German Actions, so it satisfies the last *Intel* factor as an "interested person."  *See Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782").

Daedalus Prime seeks documents and testimony that bear directly on infringement and damages for use in German patent litigations from a party that resides in this District. Daedalus Prime's request for discovery thus meets each of the statutory requirements set forth by the Supreme Court and should be granted. *Varian*, 2016 WL 1161568, at *2 ("As soon as the three statutory requirements have been met, 'a district court is free to grant discovery in its discretion.'") (quoting *Schmitz*, 376 F.3d at 83-84).

### B. The *Intel* Discretionary Factors Weigh in Favor of Granting the Application

In addition to the three *Intel* requirements, the Supreme Court has provided a non-exhaustive list of factors that district courts may consider when deciding whether to grant Section 1782 applications: (1) Whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) Whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. A district court "need not explicitly address every factor, nor is it confined to the four *Intel* factors in deciding whether to exercise its broad discretion." *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (citing *Akebia Therapeutics, Inc. v. Fibrogen, Inc.*, 793 F.3d 1108, 1112 (9th Cir. 2015)). In this case, all four *Intel* factors favor granting discovery.

#### 1. MediaTek USA Is Not A Participant in the German Actions or the UPC Action

The first *Intel* factor asks whether "the person from whom discovery is sought is a participant in the foreign proceeding" because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant." *Intel*, 542 U.S. at 264-65.

1    MediaTek USA is not a party to the German Actions or the UPC Action, and thus
2    discovery from MediaTek USA would be unobtainable absent § 1782 aid.  *See Intel*, 542 U.S. at
3    264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's
4    jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable
5    absent § 1782(a) aid.").

6    Moreover, Daedalus Prime seeks discovery from MediaTek USA that this Court can
7    compel under § 1782, but that a German court cannot.  *See, e.g.*, *Heraeus Kulzer, GmbH v.*
8    *Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (authorizing Section 1782 discovery because
9    German litigant could not "obtain even remotely comparable discovery by utilizing German
10   procedures"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. 08-cv-05124 HRL, 2009 WL 88348, at
11   *2-3 (N.D. Cal. Jan. 13, 2009) (finding first *Intel* factor favors Applicant with respect to
12   litigation in German courts); *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx),
13   2013 WL 5947973, at *2 (C.D. Cal. Nov. 4, 2013) (same); *see also* Peterreins Decl., ¶ 15
14   ("Thus, neither German courts nor the UPC can compel . . . MediaTek to produce the documents
15   identified in Daedalus Prime's proposed discovery requests, even though those documents are
16   directly relevant and material to the infringement issues raised in the German Proceedings[.]").

17   Both the plain language of the first *Intel* factor and the principle underlying that factor—
18   making U.S. courts available to obtain discovery that would otherwise be unobtainable in the
19   foreign tribunal—thus favor granting Daedalus Prime's requests for discovery from MediaTek
20   USA here.  *See, e.g.*, *Rainsy* 311 F. Supp. 3d at 1112 ("Here, Facebook is not a party to the
21   Cambodian proceeding and therefore Applicant needs the assistance of § 1782 to obtain the
22   information he seeks".)

23               **2.    German Courts and the UPC Are Receptive to Information Obtained**
24                      **Through United States Discovery**

25   The second *Intel* factor asks the Court to consider "the nature of the foreign tribunal, the
26   character of the proceedings underway abroad, and the receptivity of the foreign government or
27   the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264-65.
28

In considering this factor, courts focus on whether the foreign court would be receptive to evidence obtained through U.S. discovery. *See Cryolife, Inc.*, 2009 WL 88348, at *3 (concluding that the second *Intel* factor weighed in favor of discovery where there was "no basis to conclude that the German court would be unreceptive to the information requested by [the applicant].").

*First*, federal courts across the country have found that German courts are receptive to information obtained through U.S. discovery. *See, e.g.*, *Heraeus Kulzer, GmbH*, 633 F.3d at 596 ("[T]here is no indication that the German court . . . would refuse to admit evidence that Heraeus obtained through U.S. discovery and could not have obtained by utilizing the procedures of German law for evidence gathering."); *Cryolife*, 2009 WL 88348, at *3; *In re Minatec Fin. S.A.R.L.*, No. 1:08-CV-269 (LEK/RFT), 2008 WL 3884374, at *7 (N.D.N.Y. Aug. 18, 2008) ("[W]e find neither any rejection nor offense taken by the German tribunals to a stateside discovery order.").

*Second*, in its NDCA 1782 Application, MediaTek concedes that "German courts . . . [are] generally receptive to evidence obtained through §1782 proceedings in the United States." Herr Decl. at ¶ 60; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 915 (N.D. Cal. 2019) ("[i]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.").

*Third*, both Daedalus Prime and MediaTek have submitted declarations from German lawyers that confirm the German courts presiding over Daedalus Prime's infringement actions would be receptive to evidence obtained through Section 1782. Herr Decl., ¶¶ 60-62; Peterreins Decl., ¶¶ 16-20.

*Finally*, as demonstrated above, Daedalus Prime seeks information highly relevant to issues before the German court in its infringement actions against MediaTek, including infringement and damages. Section V.A, *supra*.

The second *Intel* factor thus favors granting Daedalus Prime's Application.

### 3. Daedalus Prime Is Not Attempting to Circumvent German or UPC Proof-Gathering Restrictions or Policies

The third *Intel* factor asks "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65.

Courts in this District have consistently found that the use of U.S. discovery pursuant to a Section 1782 application does not reflect an attempt to circumvent proof-gathering restrictions in Germany. *See, e.g.*, *Varian*, 2016 WL 1161568, at*5 ("This Court does not have any reason to believe that Varian's discovery request is an attempt to undermine the Mannheim District Court or its policies or proof-gathering restrictions."); *see also CPC Pat. Techs. Pty. Ltd. v. Apple, Inc.*, No. 21-mc-80091-JST, 2023 WL 3579314, at *4 (N.D. Cal. Jan. 3, 2023) ("[T]here is no evidence . . . that CPC is attempting to circumvent German proof-gathering restriction[s].").

MediaTek and its German lawyer declarant Dr. Herr also concede that there is no prohibition on discovery of documents relevant to infringement (or noninfringement) or damages in Germany and that German courts will accept discovery obtained through Section 1782 relevant to those issues in both of its 1782 Applications. MediaTek Br. at 9-11; Herr Decl., ¶¶ 25, 43-45, 53. Moreover, Daedalus Prime seeks discovery related to some of the same issues for which MediaTek seeks discovery through Section 1782, including infringement and damages. There can thus be no dispute that Daedalus Prime is proceeding in good faith. *Compare* MediaTek Br. at 11 ("This application is intended to marshal the proof needed for MediaTek to defend against Prime's claims of patent infringement and, therefore, there can be no dispute that MediaTek is proceeding in good faith."). As a result, the third discretionary factor weighs in favor of granting Daedalus Prime's motion.

### 4. The Scope of Information Daedalus Prime Seeks Is Commensurate with the Information's Relevance to the German and UPC Actions and Will Not Unduly Burden MediaTek USA

The fourth *Intel* factor asks whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

Daedalus Prime's proposed discovery requests address two central issues in the German Actions—infringement and damages—and focus on core technical information about the accused features and licenses related to those features. *See* Section V.A., *supra*; *see also* Exs. A, B. By modeling its request for technical documentation about the accused features on the document production required by the local patent rules in the Eastern District of Texas, Daedalus Prime tailored that request to be commensurate with the requested information's relevance to its infringement claims in the German Actions. Daedalus Prime likewise tailored its request for licenses to the information that would be relevant to damages in the German Actions and the UPC Action—patent licenses that relate to the accused features. Both of Daedalus Prime's document requests address core issues in the German Actions and the UPC Action and are therefore not unduly burdensome under the last discretionary factor. *See CPC Patent Techs.*, 2023 WL 3579314, at *4-6 (granting 1782 application seeking source code and core technical documents about accused features for use in German patent litigation and finding such requests not unduly burdensome).

Moreover, a deposition is necessary because Daedalus Prime seeks highly technical documentation and schematics that are likely to include concepts and terminology that are idiosyncratic to MediaTek and unlikely to be self-explanatory. The relationship between any patent license agreements MediaTek may produce and the accused features may also not be apparent from the face of those licenses, such that testimony would also help create a clear record for the German court considering such evidence in support of Daedalus Prime's damages claims.

The relevance of the information Daedalus Prime requests permission to discover is thus commensurate with the minimal burden its production will place upon MediaTek. The fourth discretionary factor therefore weighs in favor of granting Daedalus Prime's motion. *See CPC Patent Techs.*, 2023 WL 3579314, at *4-6 (granting 1782 application seeking source code and

core technical documents about accused features for use in German patent litigation and finding such requests not unduly burdensome).

### VI. CONCLUSION

For the reasons discussed above, Daedalus Prime respectfully requests that this Court enter the proposed order submitted concurrently with this filing authorizing Daedalus Prime to obtain limited discovery from MediaTek Inc. pursuant to Section 1782(a) in substantially similar form as set forth in the proposed discovery requests attached as Exhibits A and B.

DATED: August 12, 2024

/s/ Jason F. Choy
Jason F. Choy
choy@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: (213) 647-1228

*Attorney for Daedalus Prime LLC*