Jason F. Choy (SBN 277583)
choy@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: (213) 647-1228

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In *Re Ex Parte* Application of DAEDALUS PRIME LLC,<br><br>    *Applicant*,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings. | Case No. 24-mc-80208-VKD<br><br>**DAEDALUS PRIME LLC'S AMENDED APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Pursuant to this Court's September 16, 2024 Order, Applicant Daedalus Prime LLC ("**Applicant**" or "**Daedalus Prime**") submits this amended Application for an Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the "**Amended Application**").

Daedalus Prime previously filed an application seeking discovery from MediaTek USA Inc. ("**MediaTek USA**"), a resident of this District, in support of its claims in foreign patent infringement actions against MediaTek, Inc. ("**MediaTek**")—MediaTek USA's corporate parent—and its customer Xiaomi Group ("**Xiaomi**") in the Düsseldorf Regional Court in Germany (the "**German Actions**") and the Unified Patent Court ("**UPC**"; the "**UPC Action**") in Hamburg, Germany (the "**Original Application**").[1]  Dkt. 1.  The Court found that Daedalus Prime's Original Application met all of Section 1782's statutory requirements but denied the Original Application without prejudice in light of concerns regarding certain discretionary factors, while inviting Daedalus Prime to re-file an amended application with revised subpoenas that address its concerns.  Dkt. 17 at 6-15.

Daedalus Prime has revised its proposed subpoenas to address the Court's concerns and respectfully requests authorization to serve those revised subpoenas, attached hereto as Exhibits A and B.  With respect to the German Actions, the Court found that three of the four discretionary factors favor granting the Original Application.  *Id.* at 6-14.  Daedalus Prime's revised subpoenas address the Court's concerns regarding the fourth discretionary factor[2] by including only Document Requests 1-3 and related deposition topics and addressing those requests and topics to MediaTek USA alone.  *See id.* at 14-15.  As a result, all four discretionary factors favor authorizing Daedalus Prime's revised subpoenas in support of its claims in the German Actions.

---

[1] To avoid unnecessary duplication, Daedalus Prime incorporates its Original Application (Dkt. 1) and Reply brief (Dkt. 16) and supporting declarations (Dkt. 1-4 and Dkt. 16-1) herein by reference.

[2] Under the fourth discretionary factor, the Court considers whether the proposed discovery is "unduly intrusive or burdensome."  Dkt. 17 at 11 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004)).

With respect to the UPC Action, the Court found that two of the four discretionary factors favor granting the Original Application but found that discretionary factors 1 and 4 weighed against granting the Original Application. Dkt. 17 at 5-14. As noted, Daedalus Prime's revised subpoenas address the Court's concerns regarding the fourth discretionary factor by including only the topics and requests the Court specified in its Order regarding the Original Application and addressing those requests and topics to MediaTek USA alone. *See id.* at 14-15.

Regarding the first discretionary factor[3], the Court reviewed the UPC Agreement, Rules of Procedure, and the parties' submissions, including declarations Daedalus Prime submitted in support of the Original Application, and found that Daedalus Prime "ha[d] not shown that at least the technical documentation it seeks is unavailable in the UPC action." Dkt. 17 at 8-9. Daedalus Prime respectfully requests that the Court reconsider that finding in light of its revisions to the proposed subpoenas and the following.

***First***, Daedalus Prime has revised its subpoenas to direct them to MediaTek USA alone, as the Court directed. Dkt. 17 at 14-15. As a result, the revised subpoenas cannot be "construed as seeking discovery in the possession of an entity that is a party to both the German [A]ctions and the UPC [A]ction" as MediaTek USA in not a party to those actions. Dkt. 17 at 6.

***Second***, the only non-public information Xiaomi cited in support of the non-infringement arguments in its July 26, 2024 Statement of Defence [sic] is a confidential declaration from a witness whose identity has also been redacted as confidential. Sept. 23, 2024 Declaration of Frank Peterreins ("**Peterreins 3d Decl.**") ¶ 5. Xiaomi did ***not*** cite any technical documentation regarding the accused MediaTek chips in support of its non-infringement positions, but relied heavily on its confidential declaration to support those positions. *Id.* ¶ 8. As a result, even if Daedalus Prime could obtain "***specified*** evidence which lies in the control" of Xiaomi under UPC procedures (*see* Dkt. 17 at 7-8 (citing Rule 190(1) UPC Rules of Procedure) (emphasis

---

[3] Under the first discretionary factor, the Court considers whether "'the person from whom discovery is sought is a participant in the foreign proceeding' because 'the need for § 1782 aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.'" *In re Ex Parte Application Varian Med. Sys. Intl'l AG*, 2016 WL 1161568, ta *3 (N.D. Cal. Mar. 24, 2016) (citing *Intel*, 542 U.S. at 256).

added)), Xiaomi did not identify any specific technical documents as the basis for its non-infringement defenses. The "key information Daedalus Prime requires—i.e. technical information that will allow it to support its own infringement claims and to test or rebut Xiaomi's non-infringement positions" is thus not available "using the rules and procedures available in the UPC action" (Dkt. 17 at 8) because Daedalus Prime lacks the information it would need to obtain documents related to the accused cryptographic functionality in the MediaTek chips under the applicable UPC procedures. *Id.* ¶ 9; *see also* Dkt. 16-1 ("Under the UPC regime pursuant to R. 190 RoP, evidence from third parties can ***only*** be obtained with respect to ***very specific documents that must be precisely designated***….") (emphasis added).

***Third***, the accused technology in the UPC Action relates to ***cryptographic*** modules in MediaTek's chips. Dkt. 1 at 3-4; Dkt. 1-4 ¶ 11. The details of how MediaTek chips encrypt information—*i.e.*, protect it from unauthorized access—are not publicly available and not even MediaTek contends that its customer Xiaomi has access to such sensitive details about its chips.

Because Daedalus Prime's revised subpoenas are directed to MediaTek USA alone and because the documents and information Daedalus Prime needs to respond to the non-infringement arguments raised in the UPC is not obtainable through UPC procedures, the first discretionary factor favors authorizing the revised subpoenas.

For the reasons discussed above and in its Original Application, Daedalus Prime respectfully requests that this Court authorize Daedalus Prime to obtain limited discovery from MediaTek USA pursuant to Section 1782(a) in substantially similar form as set forth in the revised proposed discovery requests attached as Exhibits A and B.

DATED: September 23, 2024

*/s/ Jason F. Choy*
Jason F. Choy
choy@bluepeak.law
**BLUE PEAK LAW GROUP LLP**
3790 El Camino Real, PMB 846
Palo Alto, CA 94306
Telephone: (213) 647-1228

*Attorney for Daedalus Prime LLC*